# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| KARYN D. STANLEY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.:<br>) |
| CITY OF SANFORD, FLORIDA, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **KARYN D. STANLEY**, ("**STANLEY**"), by and through her undersigned attorneys, files this action against Defendant, **CITY OF SANFORD, FLORIDA**, ("CITY"), a Florida municipal corporation, and alleges as follows:

### Nature of Action

1. This is an action for monetary damages, declaratory and injunctive relief, compensatory damages, and for other equitable and ancillary relief against the Defendant. The Plaintiff seeks relief for discrimination under the Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), The Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act of 2008 ("ADAAA"), Section 42 U.S.C.A. § 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), § 760.01, *et seq.*, Florida Statutes, The Declaratory Judgment Act, 28 U.S.C. §2201, and 42 U.S.C. §1983 ("Section 1983").

### Jurisdiction

2. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331

and 28 U.S.C. § 1343 (3) and (4), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## Venue

3. The acts and omissions that give rise to this action occurred in Seminole County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## Parties

4.     a.     At all times material hereto, Plaintiff resided in Orange County, Florida.

    b.     Plaintiff was employed for approximately 20 years with Defendant's Fire Rescue Department as a Firefighter.

    c.     Plaintiff currently is a disabled retiree under the City's policies and procedures.

5.     a.     DEFENDANT is a Florida municipal corporation with more than 15 employees.

    b.     DEFENDANT is the former employer of Plaintiff.

    c.     DEFENDANT has the capacity to sue and be sued.

    d.     Upon information and belief, Defendant is the recipient of federal funds.

## Conditions Precedent

6. Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"): EEOC Charge No. 511-2019-03185 on or about June 3, 2019.

7. On January 13, 2020, the EEOC issued its Dismissal and Notice of Right to Sue.

8. Plaintiff files this lawsuit within ninety (90) days of receipt of the Notice of Right to Sue on her Charge of Discrimination.

9. Plaintiff's Charge of Discrimination was dual-filed with the Florida Commission on Human Relations ("FCHR").

10. Under Florida law, the issuance of a Dismissal and Notice of Right to Sue by the EEOC also operates as a Dismissal and Notice of Right to Sue under the Florida Civil Rights Act.

11. Plaintiff filed this lawsuit more than one hundred eighty (180) days after her Charges of Discrimination were dual-filed with the Florida Commission on Human Relations.

12. Plaintiff has exhausted her administrative remedies on her claims brought under the ADAAA and the FCRA.

**Facts**

13. Plaintiff began working for Defendant on February 8, 1999.

14. Plaintiff was employed as a firefighter for Defendant.

15. In 2005, Plaintiff was promoted to a Fire Lieutenant.

16. Plaintiff remained continuously employed in that position until she was placed on disability retirement on or about November 1, 2018 when she began to collect retirement benefits. Plaintiff had planned and intended to complete her full 25 years of service before retiring, but her disability forced her to retire short of that date, with approximately 20 years of service to the CITY's Fire Department completed. Because the physical demands and requirements of a Firefighter position are high, in light of her physical disability Plaintiff did not have a choice but to retire due to her disability.

17. Florida law requires municipal employers such as Defendant CITY to offer the same health insurance coverage to retirees and their eligible dependents as is offered to active employees at a total premium cost of no more than the total premium cost applicable to active employees. Fla. Stat. §112.0801(1).

18. Florida law further defines "retiree" as "any officer or employee who retires under a . . . retirement program or is placed on disability retirement and who begins receiving retirement benefits immediately after retirement from employment." Fla. Stat. §112.0801(2).

19. Until September 20, 2003, to the same extent that CITY paid for its current employees' health insurance, CITY also equally paid for health insurance for its employees who retired after 25 years of service <u>and</u> its employees who retired on account of disability, both until the retiree reached the age of 65. CITY's payment for health insurance premiums for retirees is hereinafter referred to as "City's Health Insurance Subsidy" or "Health Insurance Subsidy".

20. Effective October 1, 2003, Defendant CITY changed its policy, stopping the City's Health Insurance Subsidy for disabled retirees just 24 months following effective date of their disability retirement or their receipt of Medicare benefits, whichever comes first.

21. The reduction in the City's Health Insurance Subsidy did not equally apply to non-disabled retirees, who instead continue to receive the City's Health Insurance Subsidy to age 65.

22. In December of 2010, Defendant CITY was put on notice by its own legal counsel that its policy contained an illegal difference in treatment of retiree types. CITY's legal counsel advised CITY in writing that "Although many retirement plans provide for different types of retirement such as normal retirement, early retirement, disability retirement, etc., ….

The statute [Fla. Stat. §112.0801(1)] **does not allow an employer to distinguish between the individual's retirement status** …. the statute does not distinguish between those who retire under normal retirement or those who have retired under the early retirement or disability requirement of a public agency's retirement system." *(emph. added).*

23. Defendant CITY's Health Insurance Subsidy policy is a stand-alone fringe benefit of employment with the CITY. This fringe benefit is not part of the pension plan, and this fringe benefit is not part of the health insurance plan itself.

24. Defendant CITY's Health Insurance Subsidy policy is contained within the CITY's official personnel policies, and is codified by CITY as City Policy Section 2.45(C), which states in pertinent part as follows: "Employees retiring for disability reasons and who meet the criteria for disability retirement as prescribed by the Florida Retirement System (F.R.S.) or who meet the criteria for disability retirement as prescribed by the Police or Fire Pension Plan are eligible for continued City-Paid health insurance. Effective October 1, 2003, with regard to all employees retiring as a result of full disability and meet the criteria for disability retirement, City-Paid health insurance will begin upon retirement and will continue until the disabled retiree receives Medicare benefits or until 24 months have elapsed from the date of retirement, whichever comes first."

25. Defendant CITY's Health Insurance Subsidy, as written in City Policy Section 2.45(c), is promulgated as a result of official action by the City Commission.

26. On account of her disability, Plaintiff STANLEY was deprived of the equal benefit of receiving health insurance until she reached age 65. Instead, Plaintiff STANLEY will lose the City Health Insurance Subsidy of approximately $1,000 per month in or about

November of 2020, leaving her to pay for her health insurance on her own for many years without the City Health Insurance Subsidy. At approximately $1,000 per month for an anticipated duration of approximately 15 years until age 65, the loss of City Health Insurance Subsidy will cost STANLEY in excess of $150,000.00.

## COUNT I: VIOLATION OF THE REHABILITATION ACT

27. Plaintiff realleges paragraphs 2 through 26, and incorporates them by reference.

28. Upon information and belief, Defendant receives Federal financial assistance as defined under Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act").

29. Plaintiff STANLEY has a disability as defined by the Rehabilitation Act.

30. Defendant CITY's official policy Section 2.45(C) contains a disability-based distinction and is discriminatory on its face.

31. Defendant CITY discriminates against its disabled retirees by providing them with only up to 24 months of the City's Health Insurance Subsidy rather than until age 65, as it does for its "normal" retirees who are provided the City's Health Insurance Subsidy.

32. Defendant CITY cannot reasonably justify the disability-based distinction. There is no legitimate actuarial basis for the disability-based distinction. Instead, the disability-based distinction is based on false and discriminatory assumptions and stereotypes about disabled persons.

33. Defendant has subjected Plaintiff to discrimination based upon her disability by its disability-based distinction in the provision of payment for health insurance for CITY's disabled retirees.

34. Defendant's policy violates The Rehabilitation Act.

35. As a result of Defendant's policy, Plaintiff STANLEY has suffered and continues to suffer damages.

WHEREFORE Plaintiff, KARYN D. STANLEY, requests that this Court:

(a) Issue a declaratory judgment that Defendant's acts, policies and procedures violate the Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

(b) Permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminate against any disabled retiree;

(c) Award Plaintiff all benefits she lost as a result of Defendant's unlawful policy, under the Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*;

(d) Award Plaintiff compensatory damages under Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*;

(e) Award Plaintiff reasonable attorney fees and costs of this action, under Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*;

(f) Award Plaintiff all other and further relief to which she is entitled under the law.

## COUNT II: DISCRIMINATION FOR DISABILITY UNDER ADAAA

36. Plaintiff realleges paragraphs 2 through 26 and 30 through 33, and incorporates them by reference.

37. Defendant CITY's policy limiting disabled retirees' Health Insurance Subsidy violates the ADAAA, Section 42 U.S.C.A. § 12101 *et seq.* which requires covered entities to provide equal access for disabled individuals to any group health insurance plan. The City's Health Insurance Subsidy creates access to the group health insurance plan. By taking away the City's Health Insurance Subsidy before age 65 from its disabled retirees, CITY fails to provide them with equal access to health insurance.

38. As a result of Defendant's acts of discrimination, Plaintiff STANLEY has suffered and will continue to suffer damages.

WHEREFORE Plaintiff, KARYN D. STANLEY, requests that this Court:

(a) Issue a declaratory judgment that Defendant's acts, policies, and procedures violated the ADAAA, Section 42 U.S.C.A. § 12101 et seq.

(b) Permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminates against any disabled retiree;

(c) Award Plaintiff all benefits she lost as a result of Defendant's unlawful discrimination;

(d) Award Plaintiff all available compensatory damages;

(e) Award Plaintiff attorney fees and costs of this action; and

(f) Award Plaintiff all other and further relief to which she is entitled under the law.

## COUNT III: HANDICAP DISCRIMINATION UNDER THE FCRA

39. Plaintiff realleges paragraphs 2 through 26, and 30 through 33, and 37 and incorporates them by reference.

40. Defendant's actions violated the Florida Civil Rights Act, Section 760.01 *et seq.*, Florida Statutes.

41. As a result of Defendant's acts of discrimination, Plaintiff STANLEY suffered damages.

WHEREFORE Plaintiff, KARYN D. STANLEY, requests that this Court:

(a) Issue a declaratory judgment that Defendant's acts, policies, and procedures violated The Florida Civil Rights Act;

(b) Permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminates against any of its disabled retirees;

(c) Award Plaintiff all benefits she lost as a result of Defendant's unlawful discrimination;

(d) Award Plaintiff compensatory and punitive damages;

(e) Award Plaintiff reasonable attorney fees and costs of this action;

(f) Award Plaintiff all other and further relief to which she is entitled under the law.

## COUNT IV: *ULTRA VIRES* VIOLATION OF LAW - DECLARATORY RELIEF

42. Plaintiff incorporates paragraphs 2 through 26 and 30 through as if fully stated herein.

43. This is an action under the Declaratory Judgment Act, 28 U.S.C. §2201.

44. Florida law requires municipal employers such as Defendant CITY to offer the same health and hospitalization insurance coverage to retirees and their eligible dependents as is offered to active employees at a total premium cost of no more than the total premium cost applicable to active employees. Fla. Stat. §112.0801(1).

45. Fla. Stat. §112.0801(1) allows the CITY to pay for the retirees' health insurance premium, but does not allow the CITY to treat different classes of retirees differently. Rather, Fla. Stat. §112.0801(1) defines "retirees" to include "any officer or employee who retires under a state retirement system or a state optional annuity or retirement program or is placed on disability retirement and who begins receiving retirement benefits immediately after retirement from employment."

46. Florida Attorney General Opinion 91-43 states in pertinent part, "In using the terms 'retire,' 'retired,' and retirees,' however, the statute does not distinguish between those who retire under normal retirement or those who have retired under the early retirement or disability retirement provisions of a public agency's retirement system. In the absence of the statute providing for or recognizing such distinctions, this office cannot read into the statute such distinctions or qualifiers."

47. Yet, CITY added this sentence to Policy Section 2.45(C): "Effective October 1, 2003, with regard to all employees retiring as a result of full disability and meet the criteria for

disability retirement, City-Paid health insurance will begin upon retirement and will continue until the disabled retiree receives Medicare benefits or until 24 months have elapsed from the date of retirement, whichever comes first." This sentence distinguishes disabled retirees – including Plaintiff STANLEY -- in violation of state law.

48. The CITY's own legal counsel informed the CITY in 2010 that pursuant to Fla. Stat. §112.0801(1) the CITY could not distinguish among types of retirees for this fringe benefit. And yet the CITY continued to apply the discriminatory distinction and failed to provide its disabled retirees including Plaintiff STANLEY, with a lesser fringe benefit.

49. The Florida Legislature limited Defendant CITY's authority to make policies and procedures regarding CITY's retiree's health insurance.

50. Defendant CITY acted *ultra vires*, in violation of state law, when it changed its policy to limit to two years the health insurance subsidy for its disabled retirees to be different and less than that offered to other retirees given the City's Health Insurance Subsidy to age 65.

51. Defendant CITY's issuance of a policy that adversely impacted disabled retirees was in excess of its statutory authority and foreseeably caused damage to Plaintiff, a disabled retiree.

52. Plaintiff STANLEY seeks a declaratory judgment that Defendant CITY exceeded its statutory authority when it reduced Plaintiff STANLEY's duration of City Health Insurance Stipend from age 65 to just two years, and seeks an Order declaring *ultra vires* and void the sentence quoted in Paragraph 47 above from Policy Section 2.45(C) which limited the City's Health Insurance Subsidy to its disabled retirees to just two years.

WHEREFORE Plaintiff, KARYN D. STANLEY, requests that this Court:

(a) Issue a declaratory judgment that the sentence in Defendant's Policy Section 2.45(c) quoted in Paragraph 47 of this Complaint is *ultra vires* and void;

(b) Permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from discontinuing City's Health Insurance Subsidy for Plaintiff STANLEY until age 65; and

(c) Award Plaintiff all other and further relief to which she is entitled under the law.

## COUNT V:   SECTION 1983 - VIOLATIONS OF  FEDERAL LAW

53. Defendant CITY's intentional violation of Plaintiff's clearly established statutory rights to be free of discrimination in the provision of benefits based on her disability, under both the ADAA and the Rehabilitation Act, as described in this Complaint in paragraphs 2 through 26, and 28 through 34, also violated Section 1983, 42 U.S.C. §1983.

54. At all times material hereto, the CITY's City Commission was the official policymaker for Defendant CITY.

55. Defendant CITY adopted, promulgated and maintained its discriminatory Health Insurance Subsidy policy Effective October 1, 2003 with deliberate indifference to its known or obvious consequences of discriminating against its disabled retirees.

56. Defendant's health insurance continuation policy violated federal laws and deprived Plaintiff of rights provided to her under the ADAA and The Rehabilitation Act.

57. As a result of CITY's policy, Plaintiff receives different treatment than that received by retirees classified by CITY as "normal" retirees.

**WHEREFORE**, Plaintiff, KARYN D. STANLEY, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of 42 U.S.C.§1983, including, but not limited to:

(1) Awarding appropriate back benefit to Plaintiff;

(2) Issuing a Declaratory Judgment that Defendant's policy is violative of Plaintiff's rights under Section 1983;

(3) Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying disabled retirees their rights secured by Section 1983;

(4) Ordering Defendants to place Plaintiff in the position which she would have had, absent Defendant's unlawful discrimination;

(5) Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendant's unlawful discrimination;

(6) Awarding Plaintiff compensatory damages;

(7) Granting Plaintiff costs and reasonable attorney's fees; and

(8) Granting any other and further relief the Court deems appropriate.

## COUNT VI: EQUAL PROTECTION UNDER SECTION 1983

58. Defendant CITY engaged in the discriminatory practices as described in this Complaint in paragraphs 2 through 26 and 30 through 33, which violated Section 1983, 42 U.S.C. § 1983, by its violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

59. Defendant's health insurance continuation policy classified its disabled retirees as different from its other retirees.

60. There is no rational relationship between the classification and any legitimate governmental goal.

61. Defendant CITY has no legitimate governmental reason for having an insurance continuation policy that discriminates against its disabled retirees.

**WHEREFORE**, Plaintiff, STANLEY, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of 42 U.S.C.§1983, including, but not limited to:

(1) Awarding appropriate back benefit to Plaintiff;

(2) Issuing a Declaratory Judgment that Defendant's policy is violative of Plaintiff's rights of equal protection under Section 1983;

(3) Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying disabled retirees their rights of equal protection secured by Section 1983;

(4) Ordering Defendants to place Plaintiff in the position which she would have had, absent Defendant's unlawful discrimination;

(5) Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendant's unlawful discrimination;

(6) Awarding Plaintiff compensatory damages;

(7) Granting Plaintiff costs and reasonable attorney's fees; and

(8) Granting any other and further relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

                                                      Respectfully Submitted,

*/s/Patricia R. Sigman*
Patricia R. Sigman

SIGMAN & SIGMAN, P.A.
211 Maitland Ave
Altamonte Springs, FL 32701
407-332-1200 (office)
407-332-1210 (fax)
patricia@sigmanlaw.com

                   -and-

MARTHA A. CHAPMAN, P.A.
1219 E. Livingston St.
Orlando, Florida 32803
407-896-4835 (office)
407-574-7912 (fax)
marty@martychapmanlaw.net

ATTORNEYS FOR PLAINTIFF

DATE: April 2, 2020