UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARYN D. STANELY,**              CASE NO:  6:20-cv-00629-WWB-GJK

    **Plaintiff,**

vs.

**CITY OF SANFORD, FLORIDA,**

    **Defendant.**
_____/

**DEFENDANT CITY OF SANFORD'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendant CITY OF SANFORD, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure Rule 12, and hereby files this Motion to Dismiss Plaintiff's Complaint and incorporated memorandum of law, and as grounds therefore would state as follows:

    **I.   STATEMENT OF THE CASE AND PROCEDURAL HISTORY**

Plaintiff filed the instant Complaint on April 16, 2020, against Defendant CITY. [Doc. 1]. In the Complaint, Plaintiff alleges the Defendants discriminated against Plaintiff on account of her disability in violation of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act, the 14th Amendment of the United States Constitution. [Doc. 1].

Specifically, the claims as against Defendant CITY are as follows: Count I – "Violation of the Rehabilitation Act;" Count II – "Discrimination for Disability under ADAAA;" Count III – Handicap Discrimination under FCRA;" Count IV – "Violations of Section *Ultra Vires*

Violation of Law – Declaratory Relief;" Count V – "Section 1983 – Violations of Federal Law;" Count VI – "Equal Protection under Section 1983." [Doc. 1].

Plaintiff's complaint stems out of a provision in Defendant CITY's policy governing the probision of continued health insurance benefits from employees who have retired from Defendant CITY. [Doc. 1, ¶ 19]. Specifically, Plaintiff cites to a provision that, until September 20, 2003, stated that Defendant CITY "paid for heal insurance for its employees who retired after 25 years of services **and** its employees who retired on account of disability, both until the retiree reached the age of 65." [Doc. 1, ¶ 19]. Plaintiff then alleges that, effective October 1, 2003, Defendant CITY changed its policy only as it pertains to disabled retirees, now stating that employees who retired on account of disability would receive health insurance for 24 months, orupon receipt of Medicare, which came sooner. [Doc. 1, ¶ 20]. Plaintiff's entire Complaint stems from this policy change, which Plaintiff contends now provides benefits to all employees who retire for some other reason than a disability. [Doc. 1]. However, based on the face of Plaintiff's Complaint, this assertion is plainly not true. [Doc. 1].

Taking all of Plaintiff's allegations as true, the policy Plaintiff cites to plainly originally provided paid health insurance until the age of 65 for two categories of retirees (1) those that retired after twenty-five years of service and (2) those that retired based on a disability. [Doc. 1, ¶ 19]. Based on Plaintiff's allegations on the face of the Complaint, the only change to the policy was that the same no longer applied to those that retired based on a disability and prior to the twenty-five years of service. [Doc. 1, ¶ 20]. In other words, retirees retiring after twenty-five years of service, regardless of whether it was based on disability or not, were afforded a benefit that those retiring prior to twenty five years of service, whether due to a disability or not, were not. [Doc. 1]. Thus, on its face, taking all allegations as true, Plaintiff's Complaint clearly

2

fails as a matter of law.  Further, for the reasons stated below, some of Plaintiff's counts fails for a number of other reasons.

## II. MEMORANDUM OF LAW

### A. Standard of Review

Under Federal Rules of Civil Procedure 12(b)(6), a complaint must be dismissed "if the facts as plead do not state a claim for relief that is plausible on its face." *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009).  In considering a motion to dismiss, a court accepts all well-plead allegations as true and construes the allegations in the light most favorable to the non-moving party.  *See id*.  However, a court need not accept as true conclusory allegations or "unfounded deductions of fact."  *See id*.  But rather, a plaintiff's allegations of fact must be sufficient to raise a right to relief beyond a speculative level.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  Accordingly, "naked assertions devoid of further factual enhancement" will not suffice to state a claim.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

In testing the sufficiency of a plaintiff's allegations, the Court does not presume that the plaintiff can prove facts that are not stated, nor does the Court assume that the defendant has violated laws in ways not alleged.  *See Associated Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Sinaltrainal*, 578 F. 3d at 1260-61.  Moreover, the Court will not supply additional factual allegations or construct legal theory simply because his pleadings must be construed liberally.  *See Kermanj v. Goldstein*, 401 F.App'x 458, 460-61 (11th Cir. 2010).  Thus, if the Complaint does not contain well plead allegations that "plausibly give rise to an entitlement of the relief," the action must be dismissed.  *See Iqbal*, 139 S.Ct. at 1950.

### B.  Counts I, II, III – Violations of the Rehabilitation Act, the ADA, and the FCRA

*i. Applicable Law*

Plaintiff brings disability discrimination claims under the Rehabilitation Act, the ADA, and the FCRA. [Doc. 1, ¶¶ 27-41]. Discrimination claims under the Rehabilitation Act are governed by the same standards used in cases founded upon the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101. *Cash v. Smith,* 231 F.3d 1301, 1305 (11th Cir.2000) (citing 29 U.S.C. § 794(d)). Similarly, disability-discrimination claims under the FCRA are also analyzed using the same framework as ADA claims. *See D'Angelo v. ConAgra Foods, Inc.,* 422 F.3d 1220, 1224 n. 2 (11th Cir.2005). As such, these claims can be considered together.

To establish a *prima facie* case of disability discrimination under each claim, plaintiff must demonstrate: (1) that she has a "disability" within the meaning of the Act; (2) that she is "a qualified individual with a disability," meaning that she can perform the essential functions of the employment position she holds or seeks, with or without reasonable accommodation being made by the employer; and (3) that she suffered an adverse employment action because of her disability. *See Lucas v. W.W. Grainger, Inc.,* 257 F.3d 1249, 1255 (11th Cir.2001); *Reed v. Heil Co.,* 206 F.3d 1055, 1061 (11th Cir.2000); *Davis v. Florida Power & Light Co.,* 205 F.3d 1301, 1305 (11th Cir.2000).

*ii. Plaintiff is not a Qualified Individual*

By Plaintiff's own allegations, she retired from her employment premised on a disability that prevented her from being able to work as a firefighter. [Doc. 1, ¶ 16]. The alleged discriminatory act – the application of the retirement policy once she was granted her disability retirement – did not accrue until she could no longer perform the essential functions of her employment as a firefighter. [Doc. 1]. As such, she is plainly not a qualified individual with a disability and, as such, has failed to state a cause of action as a matter of law. *See Bass v. City of*

4

*Orlando,* 57 F. Supp. 2d 1318, 1324 (M.D. Fla. 1999), aff'd, 203 F.3d 841 (11th Cir. 1999) (holding that because the underlying employees were not discriminated against during their employment, but instead, only after they were awarded a line-of-duty disability pension when they were unable to perform the essential functions of their jobs with the City, with or without reasonable accommodations, the plaintiffs were not qualified individuals with a disability to whom the ADA applied).

### *iii. Failure to plead an adverse employment action premised on disability*

Lastly, Plaintiff alleges she was treated differently in the provision of retirement benefits premised solely on her disability, however, this is plainly unsupported by the facts pled in the Complaint. As made clear by the allegations in Plaintiff's Complaint, the underlying policy Plaintiff has placed at issue initially awarded a benefit based either on (1) length of service or (2) disability. The policy was later changed insofar as the same no longer afforded this benefit to those retiring solely on a disability; however, there are no pled facts that the policy was otherwise changed such that the same would still apply to those who worked longer than twenty-five years at the time of retirement – whether disabled or not. Alternatively, those who retired with less than twenty-five years and not premised on a disability were not ever provided the benefit in question.

Such a distinction is plainly not in violation of the ADA as a matter of law. *See Bass*, 57 F.Supp. at 1324 (holding that the ADA does not require that service retirements provide the same benefits as disability retirements because they are two separate benefits which serve different purposes); *Castellano v. City of New York,* 142 F.3d 58 (2d Cir.1998), (finding that the plaintiffs - retired police officers and firefighters – failed to state a claim where disabled retirees who had less than twenty years of service were treated the same as non-disabled retirees with the same

5

amount of service; "ADA requires only that persons with disabilities have the opportunity to receive the same benefits as non-disabled officers who have given an equivalent amount of service," such that, the court held that because the benefit in question was available equally to individuals with or without disabilities who retired after twenty years of service, the plaintiffs failed to state a claim of discrimination).

Here, again, while Plaintiff alleges the policy was changed to remove the benefit from applying to those retiring premised on a disability – there is no factual allegation that the policy was changed in any other way, such that the underlying policy and benefit remained applicable to those retiring with twenty-five years of service, whether due to a disability or not.  Thus, as a matter of law, this is plainly not a discriminatory act and/or policy.  As such, Counts I, II, and !!!, are due to be dismissed.

### C.  Count IV – Declaratory Relief

In the first instance, this Count is due to be dismissed, as Plaintiff has not in any way set firth the elements if this claim, with the requisite facts, not has Plaintiff otherwise established entitlement to declaratory relief.  Additionally, as set forth above, the allegations of Plaintiff's Complaint as to the underlying policy make it clear that any difference in treatment based on the policy in question was not premised on disability, but rather on length of service.

### D.  Count V – 42. U.S.C. § 1983

Plaintiff alleges that Defendant also violated 42 U.S.C. § 1983 by virtue as having violated the ADA and the Rehabilitation Act.  However, this claim fails.  In the first instance, as alleged above, Plaintiff has failed to plead a violation of the ADA or the Rehabilitation Act.

Further, Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137,

144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979).  As such, Plaintiff must identify the specific constitutional right allegedly infringed. *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989).  Here, however, Plaintiff only identifies a violation of the ADA and the Rehabilitation Act.  Yet, such a claim is not viable where the only alleged deprivation is the employee's rights created by the Rehabilitation Act and the ADA. *See Wright v. City of Tampa*, 998 F. Supp. 1398, 1404 (M.D. Fla. 1998).  As such, this claim is due to be dismissed.

### E.  Count VI – Equal Protection Claim

Lastly, Plaintiff's claim brought under 42 U.S.C. § 1983 premised on the Fourteenth Amendment's Equal Protection Clause also fails.  The Equal Protection Clause of the Fourteenth Amendment provides that Defendant must "treat all persons similarly situated alike or, conversely, [must] avoid all classifications that are 'arbitrary or irrational' and those that reflect 'a bare desire to harm a politically unpopular group.' " Glenn v. Brumby, 663 F.3d 1312, 1315 (11th Cir. 2011).  Here, as established above, beyond conclusory statements that Plaintiff was treated differently based on her disability, the plain allegations of the Complaint make it clear that the policy at issue did not distinguish based on disability, but rather based on years of service.  In other words. all employees who retired – whether based on a disability or not – with less than twenty five years, based on the policy as set forth in the Complaint, were treated the same.  Accordingly, this claim is also due to be dismissed.

### III. CONCLUSION

By all measures, Plaintiff's Complaint is insufficient. Plaintiff has not stated a single claim against Defendant CITY upon which relief may be granted. As such, Defendant CITY moves this Court to dismiss Plaintiff's Complaint.

**I HEREBY CERTIFY** that on May 27, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Patricia Sigman, Esquire, Sigman & Sigman, P.A., 211 Maitland Avenue, Altamonte Springs, FL  32701.

      */s/Patricia M. Rego Chapman*
PATRICIA REGO CHAPMAN, ESQ.
Florida Bar No. 0085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:  407-422-4310     Fax:  407-648-0233
PChapman@DRML-Law.com
Attorneys for Defendant