UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARYN D. STANLEY,

        Plaintiff,

v.                                          Case No: 6:20-cv-629-WWB-GJK

CITY OF SANFORD, FLORIDA,

        Defendant.
                            /

**ORDER**

THIS CAUSE is before the Court on Defendant City of Sanford's Motion to Dismiss (Doc. 14) and Plaintiffs' Response (Doc. 17) thereto.

**I.  BACKGROUND**

Plaintiff Karyn D. Stanley brought this action against Defendant, the City of Sanford, Florida, alleging claims under the Rehabilitation Act of 1973 ("**Rehabilitation Act**"), 29 U.S.C. § 701 *et seq.*, (Doc. 1, ¶¶ 27–35); the Americans with Disabilities Act ("**ADA**"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.*, (*id.* ¶¶ 36–38); the Florida Civil Rights Act ("**FCRA**"), Fla. Stat. § 760.01 *et seq.*, (*id.* ¶¶ 39–41); the Declaratory Judgment Act, 28 U.S.C. § 2201, (*id.* ¶¶ 42–52); and federal violations under 42 U.S.C. § 1983, (*id.* ¶¶ 53–61), arising out of the discontinuation of her health insurance benefits by Defendant.

Plaintiff was a firefighter with Defendant's Fire Rescue Department for approximately twenty years. (Doc. 1, ¶¶ 4b, 13–16). She was continuously employed in that position until she was placed on disability retirement on or about November 1, 2018, when she began to collect retirement benefits. (*Id.* ¶ 16). Due to her disability, Plaintiff

had no choice but to retire before she completed her full twenty-five years of service. (*Id.*).

Until September 20, 2003, Defendant paid the health insurance premiums for its employees who retired after twenty-five years of service and its employees who retired on account of disability until they reached the age of 65. (*Id.* ¶ 19). Defendant changed its policy on October 1, 2003, only paying health insurance premiums for disabled retirees for twenty-four months following the effective date of their disability retirement or their receipt of Medicare benefits, whichever came first. (*Id.* ¶ 20). The change did not apply to non-disabled retirees who continue to receive the benefit to age sixty-five. (*Id.* ¶ 21). The policy is a stand-alone fringe benefit of employment with Defendant. (*Id.* ¶ 23). It is not a part of the pension plan, nor the health insurance plan itself. (*Id.*). Policy Section 2.45(C), states in pertinent part:

> Employees retiring for disability reasons and who meet the criteria for disability retirement as prescribed by the Florida Retirement System (F.R.S) or who meet the criteria for disability retirement as prescribed by the Police or Fire Pension Plan are eligible for continued City-Paid health insurance. Effective October 1, 2003, with regard to all employees retiring as a result of full disability and meet the criteria for disability retirement, City-Paid health insurance will begin upon retirement and will continue until the disabled retiree receives Medicare benefits or until 24 months have elapsed from the date of retirement, whichever comes first.

(*Id.* ¶ 24). Importantly, Plaintiff alleges that section 112.0801(1), Florida Statutes requires municipal employers such as Defendant to offer the same health insurance coverage to retirees and their eligible dependents as is offered to active employees at a total premium cost of no more than the total premium cost applicable to active employees. (*Id.* ¶ 17). Plaintiff alleges she was wrongfully deprived of the equal benefit of receiving health insurance until she reached age sixty-five because she has a disability. (*Id.* ¶ 26).

## II.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III. DISCUSSION

Defendant asks this Court to dismiss Plaintiff's Complaint as the allegations either fail as a matter of law or lack sufficient factual allegations to state a claim.  Plaintiff responds that the law cited by Defendant is no longer good law and that her claims are otherwise sufficiently pleaded.

3

### A.     Rehabilitation Act, ADA, and FCRA

Defendant argues that Counts I, II, and III should be dismissed because Plaintiff has failed to present a prima facie case of discrimination under each claim as she does not qualify as an individual with a disability within the meaning of the Rehabilitation Act, the ADA, and the FCRA because she was retired from her employment when the alleged discrimination occurred.  Plaintiff responds that she is qualified because the Acts protect former employees who receive fringe benefits, not just those currently employed.  Because claims under the FCRA and the Rehabilitation Act must all meet the same standard required to establish a claim under the ADA, Counts I, II, and III will be analyzed together.  See *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017); *Menzie v. Ann Taylor Retail Inc.*, 549 F. App'x 891, 893–94 & n.5 (11th Cir. 2013).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Likewise, to establish a prima facie case of discrimination under the Rehabilitation Act, Plaintiff, in addition to alleging Defendant receives federal funding, must allege that (1) she had a disability; (2) she was otherwise qualified for the job; and (3) she was subjected to unlawful discrimination as the result of her disability.  29 U.S.C. § 794(a); *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1310 (11th Cir. 2007).  A qualified individual is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Boyle*, 866 F.3d at 1288 (finding that under

the Rehabilitation Act "[a] person with a disability is 'otherwise qualified' if he is able to perform the essential functions of the job in question with or without a reasonable accommodation").

The majority of courts, including the Eleventh Circuit in *Gonzales v. Garner Food Servs., Inc.*, 89 F.3d 1523, 1531 (11th Cir. 1996), have held that a disabled former employee has no standing to sue his former employer for disability discrimination under the ADA or the Rehabilitation Act based on actions that occurred after the employment relationship ended. *See, e.g.*, *McKnight v. Gen. Motors Corp.*, 550 F.3d 519, 525–27 (6th Cir. 2008); *Morgan v. Joint Admin. Bd., Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers*, 268 F.3d 456, 457–58 (7th Cir. 2001); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1110 (9th Cir. 2000); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1161–62 (10th Cir. 1999); *Beauford v. Father Flanagan's Boys' Home*, 831 F.2d 768, 771–72 (8th Cir. 1987). The Second and Third Circuits, however, relying on *Robinson v. Shell Co.*, 519 U.S. 337 (1997), have held that former employees are covered by Title I of the ADA. *See Castellano v. City of New York*, 142 F.3d 58, 67–69 (2d Cir. 1998); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 606–07 (3d Cir. 1999).

Plaintiff insists that the Eleventh Circuit followed the Second and Third Circuit's lead in *Johnson v. K Mart Corp.*, 273 F.3d 1035 (11th Cir. 2001), *vacated en banc*, 273 F.3d 1070 (11th Cir. 2001), by overruling *Gonzalez* and holding that a former employee is entitled to bring a claim against his former employer under § 12112(a) of Title I of the ADA. Yet, *Gonzalez* remains good law this Court is bound to follow because *Johnson* was subsequently vacated. *See Jaffree v. Wallace*, 705 F.2d 1526, 1533 (11th Cir. 1983)

("Judicial precedence serves as the foundation of our federal judicial system. Adherence to it results in stability and predictability.").

Plaintiff's argument that *Robinson* constitutes an intervening case is unavailing. The Supreme Court's decision in *Robinson* construed Title VII of the Civil Rights Act of 1964, not a Title I claim under the ADA, and the Title VII anti-retaliation provision does not require the complainant to be a "qualified individual." See *Weyer*, 198 F.3d at 1112 (emphasizing that Title I, unlike the section of Title VII at issue in *Robinson*, provides that "[n]o covered entity shall discriminate against a *qualified individual* with a disability because of the disability of such individual" (emphasis added) (quotation omitted)). Therefore, because *Robinson* is not squarely on point, it cannot be said to be an intervening case that directly overrules *Gonzalez*. See *United States v. Chubbuck*, 252 F.3d 1300, 1305 n.7 (11th Cir. 2001) ("We are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court." (quotation omitted)); see also *Johnson*, 273 F.3d at 1067 (Carnes, J., dissenting).

Case in point, *Bass v. City of Orlando*, issued after *Robinson* had been decided, applied *Gonzalez* to conclude that the ADA is limited to job applicants and current employees capable of performing the essential functions of available jobs. 57 F. Supp. 2d 1318, 1323 (M.D. Fla. 1999), *aff'd*, 203 F. 3d 841 (11th Cir. 1999). Specifically, the Court held that because the plaintiffs, disabled police officers, did not assert that they were individually discriminated against during their employment, their claims of discrimination did not accrue until they were awarded a line-of-duty disability pension. *Id.*

6

at 1323–24.  At that time, the plaintiffs were unable to perform the essential functions of their jobs with or without reasonable accommodations.  *Id.* at 1324.

Here, Plaintiff has failed to allege that she was "otherwise qualified," an allegation essential to her claims, and under the current law amendment would be futile because the alleged discrimination did not occur until Plaintiff was no longer able to perform the essential functions of her job.  Thus, Counts I, II, and III will be dismissed with prejudice.

### B.     Declaratory Judgment Act

In Count IV Plaintiff seeks relief under the Declaratory Judgment Act.  Specifically, Plaintiff asks this Court to declare that Policy Section 2.45(C) violates section 112.0801(1), Florida Statutes, which requires municipal employers to offer the same health coverage to retirees as is offered to active employees.  (Doc. 1, ¶¶ 42–52).

Defendant argues, without any legal support, that Plaintiff's request for declaratory relief should be dismissed because she has not set forth the elements of her claim with requisite facts and the underlying policy makes it clear that the difference in treatment is based on the length of service, not disability.  (Doc. 14 at 6).  Defendant makes no effort to identify which facts are lacking.

Conclusory, vague, and unsupported arguments are deemed waived and will not be considered by this Court.  *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived).  The Complaint sets forth the specific policy and the specific statute and alleges how the policy violates the statute.  Accordingly, Defendant's motion as to Count IV will be denied.

### C.     Section 1983: Discrimination under ADA and Rehabilitation Act

7

Next, Defendant contends that Plaintiff's § 1983 claim is due to be dismissed because Plaintiff failed to plead a violation of both the ADA and the Rehabilitation Act and did not identify a separate constitutional right allegedly infringed upon. Defendant further insists that a claim is not viable where the only alleged deprivation is the employee's rights created by the Rehabilitation Act and the ADA.

The Complaint alleges that Defendant's "intentional violation of Plaintiff's clearly established statutory rights to be free from discrimination in the provision of benefits based on her disability, under both the ADAA and the Rehabilitation Act, . . . also violated [§] 1983." (Doc. 1, ¶ 53). Plaintiff further alleges, without specificity, that "Defendant's health insurance continuation policy violated federal laws and deprived Plaintiff of rights provided to her under the ADAA and [t]he Rehabilitation Act." (*Id.* ¶ 56).

A "plaintiff may not maintain a section 1983 action in lieu of[—]or in addition to[—] a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA." *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997). In other words, a § 1983 claim must be based on a distinct violation of a constitutional right other than those set forth under the ADA and the Rehabilitation Act. *See Wright v. City of Tampa*, 998 F. Supp 1398, 1403–04 (M.D. Fla. 1998). As alleged, Plaintiff's § 1983 claim is firmly founded on her rights under the ADA and the Rehabilitation Act. *McNa v. Commc'ns Inter-Local Agency*, 551 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008) (dismissing § 1983 claim because plaintiff may not maintain a § 1983 claim to the extent that she bases claim on underlying violations of the ADA). Thus, Count V will be dismissed. Nevertheless, because it is not

clear that amendment would be futile, Plaintiff will be granted leave to amend this count to the extent that she can correct the deficiencies noted herein.

### D. Section 1983: Equal Protection Clause

In Count VI, Plaintiff alleges that Defendant violated the Equal Protection Clause by classifying its disabled retirees as different from its "other" retirees without any rational relationship between the classification and any legitimate governmental goal. (Doc. 1, ¶¶ 58–60). Plaintiff alleges that Defendant has no legitimate governmental reason for having an insurance continuation policy that discriminates against its disabled retirees. (*Id.* ¶ 61). Defendant argues that Plaintiff's Equal Protection claim fails because she has only asserted conclusory statements that she was treated differently based on her disability and the policy clearly distinguishes based on years of service.

"The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305–06 (11th Cir. 2009) (citation omitted). Therefore, in order to allege a claim under the Equal Protection Clause the complainant must include factual detail regarding the "similarly situated" requirement. *Id.*; *see also Glenn v. Brumby*, 632 F. Supp. 2d 1308, 1314 (N.D. Ga. 2009) ("Claims based on disparate treatment under the equal Protection Clause must generally allege that (1) plaintiff is similarly situated with other persons who were treated differently; and (2) the difference in treatment was based on a constitutionally protected interest."). Significantly, the Equal Protection clause protects individuals with disability from discrimination. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 446 (1985). Here, Plaintiff has alleged that disabled retirees are treated differently from other retirees for no other reason than that they are disabled.

In addition, Plaintiff must sufficiently allege that there is no rational basis for the disparate treatment.  *Glenn*, 632 F. Supp. 2d at 1314.  Indeed, "[a] statute is presumed constitutional and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record."  *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320–21 (1993) (quotations and citations omitted).  Defendant, however, does not proffer a rational basis for the distinction, nor does it argue dismissal is warranted because Plaintiff's Complaint fails to set forth facts that negate any proffered rational basis.  Rather, it merely argues that the distinction is based on years of service, a claim that cannot be gleaned from the Complaint.

IV.   **CONCLUSION**

For the reasons set forth herein, its **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion (Doc. 14) is **GRANTED in part**.  Counts I, II, and III of the Complaint (Doc. 1) are **DISMISSED with prejudice** and Count V is **DISMISSED without prejudice**.  Defendant's Motion is otherwise **DENIED**.

2. On or before **March 8, 2021**, Plaintiff may file an amended complaint with respect Count V to correct the deficiencies noted in this Order.  Failure to timely file an amended pleading in accordance with this Order may result in the dismissal of Count V with prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record